SEALED

01-0009

CIV - KING

MAGISTRATE JUDGE
O'SULLIVAN

U.S. District Court
Northern District of Florida (Tallahassee)

CIVIL DOCKET FOR CASE #: 00-CV-104

, et al v. , et al
Assigned to: Judge William Stafford
Demand: $0,000
Lead Docket: None
Dkt# in other court: None

Filed: 03/15/00

Nature of Suit: 890
Jurisdiction: US Plaintiff

Cause: 31:3729 False Claims Act

400CV104-P1
    plaintiff

    v.

400CV104-D1
    defendant

cat/div _Arcade_

Case # _00 CV 0009_

Judge _King_ Mag _O'Sullivan_

Motn flo _____ Fee pd $ _____

Receipt # _____

No Trasmittal of Record
Letter

CERTIFIED A TRUE COPY
ROBERT A. ROSSINO, CLERK

By _Sarah Dalls_
Deputy Clerk

Docket as of December 27, 2000 12:01 pm

```
INTERNAL USE ONLY: Proceedings include all events.              LC2
4:00cv104 , et al v. , et al                                   SEALED
```

3/15/00  --     **Added party plaintiff UNITED STATES, defendant CERTAIN
                DEFENDANTS (sfl)

3/15/00  --     ** Set clerk flag. (sfl)

3/15/00  --      Setting 90 day no activity deadline pursuant to
                N.D.Fla.Loc.R.41.1 to 5/15/00   status check of involment
                by USA (sfl)

3/15/00  1      COMPLAINT  Filing Fee: $150.00 Receipt #: 97061  Number of
                Service Copies: 0 (sfl)

3/15/00  2      MOTION to file complaint under seal (sfl)

3/15/00  3      ORDER  by Judge William Stafford  granting [2-1] motion to
                file complaint under seal Copies sent as noted on document.
                (sfl)

3/20/00  --     Case sealed. (sfl)

5/18/00  4      MOTION by UNITED STATES to Extend Time to elect whether to
                intervene up to and including September 21, 2000 (sfl)
                [Entry date 05/19/00]

5/19/00  5      ORDER  by Judge William Stafford  granting [4-1] motion to
                Extend Time to elect whether to intervene up to and
                including September 21, 2000 Copies sent as noted on
                document. (sfl)

7/21/00  --     Deadline updated Setting deadline for - UNITED STATES
                status of whether to intervene by: 9/21/00 (sfl)

9/27/00  6      MOTION to Extend Time to elect whether to intervene until
                January 19, 2001 (sfl)

10/11/00 7      ORDER  by Judge William Stafford  granting [6-1] motion to
                Extend Time to elect whether to intervene until January 19,
                2001 Copies sent as noted on document. (sfl)

11/30/00 8      MOTION by 400CV104-P1 to Transfer Case venue with case
                remaining under seal (sfl) [Entry date 12/01/00]

12/27/00 9      ORDER  by Judge William Stafford  granting [8-1] motion to
                Transfer Case venue with case remaining under seal Copies
                sent as noted on document. (sfl)

IN THE UNITED STATES DISTRICT COURT FCR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD TURNER ex rel.
UNITED STATES OF AMERICA

vs.                                        CASE NO. 4:00cv104/WS
                                           UNDER SEAL

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, FLORIDA
d/b/a JACKSON MEMORIAL HOSPITAL,

          Defendant.
_____/

### MOTION TO TRANSFER VENUE WITH CASE REMAINING UNDER SEAL

COMES NOW the United States of America and files its Motion to Transfer Venue with

Case Remaining Under Seal and states as follows:

The instant case involves allegations regarding double billings by Jackson Memorial

Hospital in Dade County, Florida. In his disclosure statement, the Relator mentioned that other

hospitals, including Sacred Heart Hospital in Pensacola, Florida, might be engaged in the same

practice. Earlier in the case, the United States requested and was granted an extension of time to

investigate Relator's allegations concerning Sacred Heart Hospital. During the extension period,

the United States obtained the records necessary to determine whether Sacred Heart Hospital had

engaged in such billing practices.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

00 NOV 30 PM 4: 17




FILED

Based upon a review of the records, it does not appear that Sacred Heart Hospital

engaged in the practices alleged by the Relator.  Because the remaining allegations of Relator do

not deal with the billings of any hospitals in the Northern District of Florida, venue would be

more appropriate in the Southern District of Florida, where Jackson Memorial Hospital is

located.

The United States Attorney's Office for the Southern District of Florida would be

responsible for coordinating the investigation if the case is transferred.  Because no investigation

has yet been made into Relators allegations concerning Jackson Memorial Hospital, it is

requested that the case remain under seal and the time for electing to intervene be extended for at

least 120 days following formal transfer of the case to the United States District Court for the

Southern District of Florida.

WHEREFORE the United States requests that this Court enter an Order transferring the

case to the United States District Court for the Southern District of Florida and extending the

time to elect to intervene to 120 days following the date of the transfer.

Respectfully submitted,

P. MICHAEL PATTERSON
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Northern District of Florida
Fla. Bar No. 604501
111 N. Adams St., Fourth Floor
Tallahassee, FL 32301-1841
(850) 942-8430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this

_30_ day of November, 2000, to WILLIAM J. BLECHMAN, ESQ., KENNY,

NACHWALTER, SEYMOUR, ARNOLD, CRITCHLOW & SPECTOR, P.A., 201 South

Biscayne Blvd., Suite 1100, Miami, FL 33131-4327.


Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

EDWARD TURNER,

    VS

PUBLIC HEALTH TRUST OF MIAMI-
DADE COUNTY,

CASE NO.  4:00-CV104WS

*Under Seal*

## REFERRAL AND ORDER

Referred to Senior Judge William Stafford on <u>September 27, 2000</u>
Motion/Pleadings: <u>MOTION FOR EXTENSION OF TIME TO ELECT WHETHER TO</u>
<u>INTERVENE</u>
Filed by <u>US ATTORNEY</u>          on <u>9/25/00</u>     Doc.# <u>6</u>
RESPONSES:

|                        | on           | Doc.# |
|                        | on           | Doc.# |
| _____ Stipulated       |              | _____ Joint Pldg |
| _____ Unopposed        |              | _____ Consented |

ROBERT A. MOSSING, CLERK

<u>   2   </u>
LC (1 OR 2)                    Deputy Clerk: Sarah F. Walls

## ORDER OF COURT

It is ORDERED this <u>10th</u> day of <u>October</u>, 2000,
the requested relief is *Granted in part. Motion
for extension of time is granted
to November 30, 2000 only.*

*William Stafford*
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

Entered On Docket: <u>10-11-00</u>  By: SW
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to:

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST., FLA.
TALLAHASSEE, FLA.

00 OCT 10 PM 4: 54

FILED

Document No.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD TURNER ex rel.
UNITED STATES OF AMERICA

vs.                                    CASE NO. 4:00cv104/WS
                                       UNDER SEAL

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, FLORIDA
d/b/a JACKSON MEMORIAL HOSPITAL,

                Defendant.
_____/

## MOTION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE

COMES NOW the United States of America and files its Motion for an Extension of
Time to Elect Whether to Intervene and states as follows:

The United States has obtained many of the records which it deems necessary to
determine whether hospitals in this district have engaged in billing practices similar to those
alleged by the Relator concerning Jackson Memorial Hospital in Dade County, Florida. Due to
unforeseen delays, these documents have only been obtained within the last several days. It is
estimated that this office will need additional time to review the documents. In addition,
investigators from the Medicaid Fraud Control Unit have begun reviewing their data to
determine whether any hospitals in this district are engaged in practices similar to those alleged
against Jackson Memorial Hospital.

00 SEP 25 PM 4: 28

It is believed that this review can be accomplished within the next 120 days.

WHEREFORE the United States requests that it be allowed an additional 120 days, up to and including January 19, 2001, to elect whether to intervene.

Respectfully submitted,

P. MICHAEL PATTERSON
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Northern District of Florida
Fla. Bar No. 604501
111 N. Adams St., Fourth Floor
Tallahassee, FL 32301-1841
(850) 942-8430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this 25th day of September, 2000, to WILLIAM J. BLECHMAN, ESQ., KENNY, NACHWALTER, SEYMOUR, ARNOLD, CRITCHLOW & SPECTOR, P.A,, 201 South Biscayne Blvd., Suite 1100, Miami, FL 33131-4327.

_____
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

*Denied order (WS) 5/19/2000*

EDWARD TURNER,

     VS

                           CASE NO.    4:00CV104WS

PUBLIC HEALTH TRUST OF MIAMI-
DADE COUNTY,

### REFERRAL AND ORDER

Referred to Senior Judge William Stafford on <u>May 19, 2000</u>

Motion/Pleadings: <u>MOTION FOR EXTENSION OF TIME TO ELECT WHETHER TO</u>
<u>INTERVENE</u>

Filed by <u>UNITED STATES</u>      on <u>5/18/00</u>      Doc.# <u>4</u>

RESPONSES:

_____    on _____   Doc.# _____
_____    on _____   Doc.# _____
_____   Stipulated   _____   Joint Pldg
_____   Unopposed    _____   Consented

                               ROBERT A. MOSSING, CLERK

      2
LC (1 OR 2)              Deputy Clerk: Sarah F. Walls

### ORDER OF COURT

It is ORDERED this _19th_ day of _May_ _____, 2000,
the requested relief is _Granted_.

_____
_____
_____

*William Stafford*
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE

Entered On Docket: 5-19-00   By: SW
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to: Wilson, Blecman

Document No.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST., FLA.
TALLAHASSEE, FLA.

00 MAY 19 PM 2: 43

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD TURNER ex rel.
UNITED STATES OF AMERICA

vs.                                          CASE NO. 4:00cv104/WS
                                             UNDER SEAL

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY, FLORIDA
d/b/a JACKSON MEMORIAL HOSPITAL,

            Defendant.
_____/

## MOTION FOR EXTENSION OF TIME TO ELECT WHETHER TO INTERVENE

COMES NOW the United States of America and files its Motion for an Extension of

Time to Elect Whether to Intervene and states as follows:

The Relator filed the instant action in late March, 2000.  Relator alleges that Jackson

Memorial Hospital in Dade County, Florida, engaged in a scheme to defraud Medicaid by both

double billing and over billing for outpatient services provided at the hospital and its clinics.

Relator's allegations primarily deal with Jackson Memorial Hospital.  However, Relator alleges

that it is possible that other hospitals across the State of Florida have engaged in similar

activities.  Included in these hospitals is Sacred Heart Hospital in Pensacola, Florida.

Currently, this office is investigating whether or not Sacred Heart Hospital engaged in the

billing practices alleged by the Relator.  If, after a preliminary review, it appears that additional

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA
TALLAHASSEE, FLA.

00 MAY 18  PH 4: 26

- 4 -

investigation into the activities of Sacred Heart is warranted, this office will move forward with

an investigation against Sacred Heart Hospital, Jackson Memorial Hospital and any other

hospitals who may be engaged in the practices described in Relator's Complaint.

If, however, the preliminary investigation does not reveal that Sacred Heart Hospital

engaged in similar billing practices, this office will request that the Complaint be transferred to

the United States District Court for the Southern District of Florida.

It is anticipated that the preliminary investigation can be complete in 120 days. This

office has already requested the appropriate billing records from the Medicaid Fiscal

Intermediary and anticipates receiving those documents within the next 60 days. Once the

preliminary investigation has been made, this office will be in a position to determine whether or

not the case should be transferred to the United States District Court for the Southern District of

Florida.

WHEREFORE the United States requests that this Court enter an order extending the

time for it to elect whether to intervene in the above case for 120 days, up to and including

September 21, 2000.

Respectfully submitted,

P. MICHAEL PATTERSON
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Northern District of Florida
Fla. Bar No. 604501
111 N. Adams St., Fourth Floor
Tallahassee, FL 32301-1841
(850) 942-8430

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this _____ day of May, 2000, to WILLIAM J. BLECHMAN, ESQ., KENNY, NACHWALTER, SEYMOUR, ARNOLD, CRITCHLOW & SPECTOR, P.A,, 201 South Biscayne Blvd., Suite 1100, Miami, FL 33131-4327.

                                    _____
                                    Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**TALLAHASSEE DIVISION**

UNITED S_____
E.T.,                                        Case No.:        4:00cv104-WS

    P_____

vs.

CERTAIN _____
COMPLA_____

    D_____

_____ the _____ of Relator E.T. to ___ the Complaint

under se_____ b)(2). Upon consideration of the Relator _____

and the _____

O_____ Relator's motion to file the Complaint under seal

be and th_____ the Clerk is directed to file the Complaint in this

action u_____ remain under seal until further Order of this Court.

D_____ Florida, this _15th_ day of _March_,

2000.

                                 _William Stafford_
                        UNITED STATES DISTRICT JUDGE

Copies F_____ _____ to:
Janet Re_____
P. Michael P_____
William J. B_____
   /101098

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST., FLA.
TALLAHASSEE, FLA.

00 MAR 15 PM 2: 41

FILED

-3-

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**Tallahassee Division**

UNITED STATES OF AMERICA *ex rel.*    Case No.:  4:00 cv104-WS
E.T.,

      Plaintiff,

vs.

CERTAIN DEFENDANTS NAMED IN
THE COMPLAINT,

      Defendants.

_____/

## RELATOR'S MOTION TO FILE THE COMPLAINT
## UNDER SEAL AS REQUIRED BY 31 U.S.C. § 3730(b)(2)

Plaintiff/Relator E.T., pursuant to the provisions of Section 3730(b)(2) of the False

Claims Act, 31 U.S.C. § 3729, *et seq.*, requests the entry of an Order directing the Clerk to

file the Complaint in this action under seal.

### MEMORANDUM

The Complaint in this case is filed under the False Claims Act, 31 U.S.C. § 3729, *et*

*seq.* ("the Act"), which allows a private citizen having knowledge of a false or fraudulent claim

against the Government to bring an action for himself (the "Relator") and for the Government.[1]

Section 3730(b)(2) of the Act expressly <u>requires</u> that the Complaint be filed under seal and

gives the United States sixty (60) days, or such other time as the Court permits, to investigate

the allegations and decide whether to intervene in the action.[2]

---

[1]      Actions under the False Claims Act are called "*qui tam*" actions, which is a shortened
version of a latin phrase meaning "who brings the action for the king as well as himself." *Erickson v.*
*American Institute of Bio. Sciences*, 716 F. Supp. 908, n. 1 (E.D. Va. 1989).

[2]      31 U.S.C. § 3730(b)(2) requires:

      **(b) Actions by private persons**,--... (2) A copy of the complaint and
written disclosure of substantially all material evidence and information
the person possesses shall be served on the Government pursuant to

KENNY NACHWALTER SEYMOUR ARNOLD CRITCHLOW & SPECTOR



**Motion to File The Complaint Under Seal**
**as Required by 31 U.S.C. § 3730(b)(2)**                                    **Page 2**

The statutory requirement in the Act that the Complaint be filed under seal is intended, among other reasons, to protect the integrity of the Government's investigation of the allegations in the pleading and to prevent wrongdoers from being tipped off that they are under investigation. *See Erickson v. American Institute of Bio. Sciences*, 716 F. Supp. 908, 912 (E.D. Va. 1989).

Based on the foregoing analysis, and as required by 31 U.S.C. § 3730(b)(2), the Relator requests that the Court enter an Order directing the Clerk to file and maintain the Complaint in this action under seal until further Order of the Court. For the Court's convenience, a proposed Order is attached to this motion as Exhibit 1.

Respectfully submitted,

KENNY NACHWALTER SEYMOUR
ARNOLD CRITCHLOW & SPECTOR, P.A.
William J. Blechman, Esq.
David H. Lichter, Esq.
201 South Biscayne Boulevard
Suite 1100
Miami, Florida  33131-4327
Tel:   (305) 373-1000
Fax:   (305) 372-1861

Dated: March 13, 2000                    By: _____
        Miami, Florida                        William J. Blechman
                                              Florida Bar No. 379281

*Attorneys for Relator*

---

Rule (4)(d)(4) of the Federal Rules of Civil Procedure. **The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders.** The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. (**Emphasis** added.)

- 2 -

**Motion to File The Complaint Under Seal**
**as Required by 31 U.S.C. § 3730(b)(2)**                                    Page 3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on **3-14** , 2000,

by Certified Mail, Return Receipt Requested upon the following:

The Honorable Janet Reno
Attorney General of
the United States
United States Department
of Justice
Tenth and Constitution Avenue, N.W.
Room 4400
Washington, D.C. 20530

The Honorable P. Michael Patterson
United States Attorney
Northern District of Florida
Fourth Floor
111 North Adams Street
Tallahassee, Florida 32301

_____
William J. Blechman

/101097

- 3 -

KENNY NACHWALTER SEYMOUR ARNOLD CRITCHLOW & SPECTOR

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### TALLAHASSEE DIVISION

---

UNITED STATES OF AMERICA *ex rel.*          Case No.:
E.T.,

      Plaintiff,

vs.

CERTAIN DEFENDANTS NAMED IN THE
COMPLAINT,

      Defendant.

_____/

### ORDER GRANTING RELATOR'S MOTION
### TO FILE THE COMPLAINT UNDER SEAL
### AS REQUIRED BY 31 U.S.C. § 3730(b)(2)

     **THIS CAUSE** is before the Court on the motion of Relator E.T. to file the Complaint

under seal as required by 31 U.S.C. § 3730(b)(2).  Upon consideration of the Relator's motion

and the entire record in this action, it is

     **ORDERED and ADJUDGED** that the Relator's motion to file the Complaint under seal

be and the same is **GRANTED**.  Accordingly, the Clerk is directed to file the Complaint in this

action under seal, and the Complaint shall remain under seal until further Order of this Court.

     **DONE AND ORDERED** at _____, Florida, this _____ day of _____,

2000.

_____
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Janet Reno, Esq.
P. Michael Patterson, Esq.
William J. Blechman, Esq.
/101098

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

Case No.

United States of America *ex rel.* E.T.,

      Plaintiff,

vs.

Public Health Trust of Miami-Dade County, Florida d/b/a Jackson Memorial Hospital; Jackson Memorial Hospital d/b/a South Miami Health Care Center; Jackson Memorial Hospital d/b/a Liberty City Health Care Center; Jackson Memorial Hospital d/b/a Downtown Family Medical Center; Jackson Memorial Hospital d/b/a North Dade Health Care Center; Jackson Memorial Hospital d/b/a North Miami Health Care Center; Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Division; Jackson Memorial Hospital d/b/a Park Plaza West-PHT/JMH Community Health Center; Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Department of OB/GYN; Jackson Memorial Hospital d/b/a Park Plaza West--UMDC Pediatric Comprehensive Care Center; Jackson Memorial Hospital d/b/a Juanita Mann Health Center; Jackson Memorial Hospital d/b/a Jefferson Reaves Senior Health Center; Jackson Memorial Hospital d/b/a Anne Bates Leach-UMDC Dept. of Ophthalmology,

      Defendants.

_____/

## COMPLAINT
## <u>FILED UNDER SEAL</u>

    The United States of America *ex rel.* E.T. sues Defendants Public Health Trust of

Miami-Dade County, Florida d/b/a Jackson Memorial Hospital; Jackson Memorial Hospital

-1-

d/b/a South Miami Health Care Center; Jackson Memorial Hospital d/b/a Liberty City Health Care Center; Jackson Memorial Hospital d/b/a Downtown Family Medical Center; Jackson Memorial Hospital d/b/a North Dade Health Care Center; Jackson Memorial Hospital d/b/a North Miami Health Care Center; Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Division; Jackson Memorial Hospital d/b/a Park Plaza West-PHT/JMH Community Health Center; Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Department of OB/GYN; Jackson Memorial Hospital d/b/a Park Plaza West--UMDC Pediatric Comprehensive Care Center; Jackson Memorial Hospital d/b/a Juanita Mann Health Center; Jackson Memorial Hospital d/b/a Jefferson Reaves Senior Health Center; Jackson Memorial Hospital d/b/a Anne Bates Leach-UMDC Dept. of Ophthalmology and alleges as follows:

1.      This is a relator action for damages and civil penalties on behalf of the United States of America under the False Claims Act (the "Act"), 31 U.S.C. § 3729 et seq., as amended, arising out of false or fraudulent claims presented by Defendants under the Federal Medicare Program.

<u>The False Claims Act</u>

2.      The False Claims Act (the "Act"), originally enacted in 1863 during the United States Civil War, was substantially amended by the False Claims Amendments Act of 1986. Congress enacted these new amendments to enhance the Government's ability to recover losses sustained as a result of fraud against the United States. Congress acted

-2-

after finding that fraud in federal programs and procurement is pervasive and that the False Claims Act, which Congress characterized as the primary tool for combating fraud in government contracting, was in need of modernization. Congress intended these amendments to create incentives for individuals who are aware of fraud against the Government to disclose such information without fear of reprisals or government inaction.

3.    The Act provides that any person who knowingly submits or causes to be submitted a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim, plus three times the amount of the damages sustained by the Government. The Act allows any person having knowledge of a false or fraudulent claim against the Government to bring an action for himself and for the Government and to share in any recovery. This person is referred to as the Relator. The Complaint is to be filed under seal for 60 days (without service on the Defendants during that 60-day period) to enable the Government to conduct its own investigation without the Defendants' knowledge, and to determine whether to join the action.

## Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345. Under 31 U.S.C. § 3730(b)(1), a person may bring a civil action for a violation of Section 3729 of the Act for the United States Government. Further, 31 U.S.C. § 3732 specifically confers jurisdiction on this Court for actions brought pursuant to Sections 3729 and 3730 of the Act.

-3-

KENNY NACHWALTER SEYMOUR ARNOLD CRITCHLOW & SPECTOR

5.    This Court has personal jurisdiction over the Defendants because they committed the unlawful acts described in this Complaint in the State of Florida.

6.    Venue of this action is proper in this Court pursuant to 31 U.S.C. § 3732(a) because at least some of the acts proscribed by 31 U.S.C. § 3729 as alleged below occurred in the Northern District of Florida and elsewhere in the State of Florida.

7.    In accordance with 31 U.S.C. § 3730(b)(2), and prior to the filing of this Complaint, the Relators have served a copy of this Complaint and written disclosure of substantially all material evidence and information they possess on the Attorney General of the United States and the United States Attorney for the Northern District of Florida pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.   The Relators' written disclosure statement evidences and supports the existence of the overcharges and false claims for payment by Defendants as alleged in this Complaint.

### The Parties

8.    Plaintiff/Relator Edward Turner is a resident of the State of Florida and resides in Tallahassee, Florida.

9.    The Relator is the original source of the information disclosed in this Complaint as defined by 31 U.S.C. § 3730(e)(4)(B), and is otherwise a proper party to bring this action under the False Claims Act.

-4-

10.    Defendant Public Health Trust of Miami-Dade County, Florida d/b/a Jackson Memorial Hospital ("JMH") is an agency of Miami-Dade County, Florida operating the County's public hospital system.

11.    Defendant Jackson Memorial Hospital d/b/a South Miami Health Care Center is an outpatient clinic that is owned and operated by JMH.

12.    Defendant Jackson Memorial Hospital d/b/a Liberty City Health Care Center is an outpatient clinic that is owned and operated by JMH.

13.    Defendant Jackson Memorial Hospital d/b/a Downtown Family Medical Center is an outpatient clinic that is owned and operated by JMH.

14.    Defendant Jackson Memorial Hospital d/b/a North Dade Health Care Center is an outpatient clinic that is owned and operated by JMH.

15.    Defendant Jackson Memorial Hospital d/b/a North Miami Health Care Center is an outpatient clinic that is owned and operated by JMH.

16.    Defendant Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Division is an outpatient clinic that is owned and operated by JMH.

17.    Defendant Jackson Memorial Hospital d/b/a Park Plaza West-PHT/JMH Community Health Center is an outpatient clinic that is owned and operated by JMH.

18.    Defendant Jackson Memorial Hospital d/b/a Park Plaza West-UMDC Department of OB/GYN is an outpatient clinic that is owned and operated by JMH.

-5-

19.    Defendant Jackson Memorial Hospital d/b/a Park Plaza West--UMDC Pediatric Comprehensive Care Center is an outpatient clinic that is owned and operated by JMH.

20.    Defendant Jackson Memorial Hospital d/b/a Juanita Mann Health Center is an outpatient clinic that is owned and operated by JMH.

21.    Defendant Jackson Memorial Hospital d/b/a Jefferson Reaves Senior Health Center is an outpatient clinic that is owned and operated by JMH.

22.    Defendant Jackson Memorial Hospital d/b/a Anne Bates Leach-UMDC Dept. of Ophthalmology is an outpatient clinic that is owned and operated by JMH.

23.    The entities identified in paragraphs 11 through 22 above are collectively referred to as JMH's "outpatient clinics." The reference in this Complaint to "Defendants" refers to the Defendants identified in paragraphs 10 through 22 above.

### The Medicaid Program

24.    Medicaid is a cooperative federal-state program through which the Federal Government provides financial assistance to States so that they may furnish medical care to needy individuals. *See* 42 U.S.C. § 1396. Although participation in Medicaid is voluntary, participating States must comply with certain requirements imposed by the Medicaid Act, 79 Stat. 343, as amended, 42 U.S.C. § 1396 *et seq.*, and regulations imposed by the Secretary of Health and Human Services (the "Secretary"). To qualify for federal assistance, a State must submit to the Secretary and have approved a "plan for

-6-

medical assistance," *id.* § 1396(a), that contains a comprehensive statement describing the nature and scope of the State's Medicaid program. *See* 42 U.S.C. § 430.10 (1989). The State plan is required to establish, among other things, a scheme for reimbursing health care providers for the medical services provided to needy individuals, known as Medicaid recipients.

25.    The State of Florida elected to participate in the Medicaid program as reflected in Florida Statutes Chapter 409. In accordance with federal law, the Secretary approved Florida's Medicaid plan, including its reimbursement scheme. Under the State's Medicaid plan, the Agency for Health Care Administration ("AHCA") develops and carries out policies related to the Medicaid program. AHCA's offices are located in Tallahassee, Florida. AHCA contracts with a fiscal agent that processes Medicaid claims and enrolls non-institutional providers. Consultec Health Services, Inc. is the fiscal intermediary for the Florida Medicaid Program.

26.    Under Florida Statutes Section 409.907, AHCA makes payments for medical assistance and related services rendered to Medicaid recipients only to an entity that has a provider agreement in effect. The provider agreement requires the provider to comply with all state and federal laws pertaining to the Medicaid program, § 409.907(2), (3), and is terminable upon reasonable notice. § 409.907(3). The provider agreement also requires the provider to maintain records relevant to its services and billing for a five (5) year period, § 409.907(3)(a), and it gives the State and Federal Government the right to access to

-7-

those records, including computer files.  § 409.907(3)(e).  Section 409.907.3)(f) expressly

obligates a Medicaid provider to "[p]romptly report any moneys received in error or in

excess of the amount to which the provider is entitled from the Medicaid program, and

promptly refund such moneys to the [State]."  The State may deny enrollment in the

Medicaid program to a provider that has violated federal or state laws, rules or regulations

governing Florida's Medicaid program.  § 409.907(10)(i).

27.    Florida Statute Section 409.908 governs the State's reimbursement of

Medicaid providers.  The statute provides, in substance, that the State shall reimburse

Medicaid providers in accordance with methodologies and fee schedules set forth in the

rules promulgated by AHCA.

28.    This case concerns Medicaid reimbursement for medical services rendered

at outpatient clinics.  Outpatient services are those services rendered in a hospital or

outside clinic for a specific procedure or treatment that is expected to keep the recipient

in the hospital less than 24 hours.  A recipient is considered an outpatient if the stay is less

than 24 hours, regardless of whether a bed is used or the recipient remains in the hospital

past midnight.  Outpatient services are preventative, diagnostic, therapeutic, rehabilitative

or palliative services that are furnished by a physician or dentist.  *See* AHCA's *Hospital

Coverage and Limitations Handbook*, Chapter 1, at 1-2 (January 1997).

29.    AHCA has set forth a number of service requirements for Medicaid

reimbursement to outpatient clinics.  Those requirements are as follows:

-8-

1.  The services must be medically necessary;

2.  The services must be individualized, specific, consistent with symptoms or confirmed diagnosis of the illness or injury under the treatment, and not in excess of the patient's needs;

3.  The services must not be experiments;

4.  The services must be reflective of the level of services that can be safely furnished, and for which no equally effective and more conservative or less costly treatment is available statewide;

5.  The services must be furnished in a manner not primarily intended for the convenience of the recipient, and the recipient's caretaker, or the provider; and

6.  **THE SERVICES MUST NOT DUPLICATE ANOTHER PROVIDER'S SERVICE.**

See AHCA's *Hospital Coverage and Limitations Handbook*, Chapter 2 ("Hospital Services Covered Services Limitations, and Exclusions") at 2-1 to 2-2 (January 1997) (emphasis added).

30.    Medicaid pays a line item rate and/or a technical fee for outpatient hospital services.  A line rate applies one time to each covered outpatient revenue center code billed, regardless of the charges.  *See Hospital Coverage and Limitations Handbook*, Chapter 2, at 2-2.

## The False Claims Act Violations

31.    Beginning at least as early as 1996, the precise date being unknown, and continuing to the present, Defendants knowingly and intentionally defrauded the United States Government by double billing Medicaid for covered services provided to recipients. The double billing occurred because JMH and the outpatient clinics were each using their respective Medicaid provider numbers for those outpatient clinics to bill Medicaid for the same services rendered at the same time to the same recipients at the outpatient clinics.

32.    Additionally, beginning at least as early as 1996, the precise date being unknown, and continuing to the present, JMH knowingly and intentionally defrauded the United States Government by overcharging Medicaid by using the more expensive "encounter" rate rather than the less expensive "physician fee for office visit" rate to bill for medical services provided to recipients at JMH's outpatient clinics.

33.    As part of this unlawful scheme, Defendants have provided false or fraudulent billing statements and information to AHCA in Tallahassee, Florida.  Further, as noted above, AHCA makes payments to Medicaid providers for medical and related services rendered to Medicaid recipients.

34.    Defendants have not only allowed these fraudulent practices to continue, but they have conspired to keep these acts secret.  Further, Defendants failed to report any or all of these fraudulent acts to the proper authorities.

-10-

## COUNT I

### Violation of 31 U.S.C. § 3729(a)(1)
### (Presenting a False Claim for Payment or Approval to the Government)

35.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 34 above.

36.     As described in more detail above, Defendants violated Section 3729(a)(1) of Title 31 of the United States Code by knowingly presenting or causing to be presented to an officer or employee of the United States Government false or fraudulent claims or statements for payment or approval.

37.     Defendants engaged in the foregoing conduct with actual knowledge that the claims or statements were unlawful; or Defendants acted in deliberate ignorance of the truth or falsity of the claims or statements that they submitted to the Government; or Defendants acted in reckless disregard of the truth or falsity of the information in the statements or claims to the Government.

38.     The United States, unaware of the falsity of the records, statements or claims made by Defendants, and in reasonable reliance on the accuracy of Defendants' records, statements or claims, overpaid the Defendants and may continue to overpay the Defendants for services rendered to Medicaid recipients at the outpatient clinics.

39.     As a direct and proximate result of Defendants' conduct, the United States has sustained injury and damage.

-11-

## COUNT II

### Violation Of 31 U.S.C. § 3729(a)(2)
### (False Record Made or Used to Get a False Claim Paid or Approved)

40.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 above.

41.     As described in more detail above, Defendants violated Section 3729(a)(2) of Title 31 of the United States Code by knowingly making, using or causing to be made or used, false records or statements to present to the United States to get false or fraudulent claims paid or approved by the Government.

42.     Defendants engaged in the foregoing conduct with actual knowledge that the claims or statements were unlawful; or Defendants acted in deliberate ignorance of the truth or falsity of the claims or statements that they submitted to the Government; or Defendants acted in reckless disregard of the truth or falsity of the information in the statements or claims to the Government.

43.     The United States, unaware of the falsity of the records, statements or claims made by Defendants, and in reasonable reliance on the accuracy of Defendants' records, statements or claims, overpaid the Defendants and may continue to overpay the Defendants for services rendered to Medicaid recipients at the outpatient clinics.

44.     As a direct and proximate result of Defendants' conduct, the United States has sustained injury and damage.

-12-

## COUNT III

### Violation Of 31 U.S.C. § 3729(a)(3)
### (Conspiracy)

45.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 above.

46.    As described in more detail above, JMH and the outpatient clinics violated Section 3729(a)(3) of Title 31 of the United States Code by conspiring and agreeing to knowingly submit to the Government false or fraudulent claims for payment or approval, and, in furtherance of that agreement, knowingly submitted false or fraudulent claims to the Government for payment or approval.

47.    Defendants carried out these unlawful schemes with the intent to defraud the Government.

48.    Defendants engaged in the foregoing conduct with actual knowledge that the claims or statements were unlawful; or Defendants acted in deliberate ignorance of the truth or falsity of the claims or statements that they submitted to the Government; or Defendants acted in reckless disregard of the truth or falsity of the information in the statements or claims to the Government.

49.    The United States, unaware of the falsity of the records, statements or claims made by Defendants, and in reasonable reliance on the accuracy of Defendants' records, statements or claims, overpaid the Defendants and may continue to overpay the Defendants for services rendered to Medicaid recipients at the outpatient clinics.

-13-

50.    As a direct and proximate result of Defendants' conduct, the United States has sustained injury and damage.

## Prayer For Relief

WHEREFORE, Relator, on behalf of himself and the United States, requests the following relief:

A.    The entry of a Final Order requiring Defendants, jointly and severally, to cease and desist from violating 31 U.S.C. § 3729;

B.    The entry of a Final Judgment in Plaintiffs' favor and against Defendants, jointly and severally, in an amount equal to three (3) times the amount of damages sustained by the United States because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C. § 3729;

C.    The entry of a Final Order awarding the Relator the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

D.    The entry of a Final Order requiring Defendants, jointly and severally, to pay the Relator the expenses that he necessarily incurred in accordance with 31 U.S.C. § 3730(d)(1);

E.    The entry of a Final Order requiring Defendants, jointly and severally, to pay the Relator's attorney's fees and costs in accordance with 31 U.S.C. § 3730(d)(1);

F.    Interest as allowable by law; and

G.    Such other and further relief as the Court considers just and proper.


Dated:        March 14, 2000                    Respectfully submitted,
              Miami, Florida
                                                KENNY NACHWALTER SEYMOUR
                                                ARNOLD CRITCHLOW & SPECTOR, P.A.
                                                1100 Miami Center
                                                201 South Biscayne Boulevard
                                                Miami, Florida 33131
                                                Telephone: 305-373-1000
                                                Facsimile: 305-372-1861


                                                By:_____
                                                    William J. Blechman
                                                    Fla. Bar No. 379281
                                                    David H. Lichter
                                                    Fla. Bar No. 359122

                                                    *Counsel for Relator*

-15-

## CERTIFICATE OF SERVICE

I certify a copy of this Complaint was served on **March 14**, 2000, by Certified Mail, Return Receipt Requested upon:

The Honorable Janet Reno
Attorney General of the United States
United States Department of Justice
Tenth and Constitution Avenue, N.W.
Room 4400
Washington, DC 20530

P. Michael Patterson, Esq.
United States Attorney
Northern District of Florida
Fourth Floor
111 North Adams Street
Tallahassee, Florida 32301

119308.1

William J. Blechman

-16-

KENNY NACHWALTER SEYMOUR ARNOLD CRITCHLOW & SPECTOR

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

UNITED STATES OF AMERICA ex rel.
E.T.,

**DEFENDANTS** *4:00CV104-WS*

CERTAIN DEFENDANTS NAMED IN
THE COMPLAINT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenny Nachwalter Seymour Arnold Critchlow &
Spector, 201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131  Tel. (305) 373-1000

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☒ 1. U.S. Government
     Plaintiff

☐ 3. Federal Question
     (U.S. Government Not a Party)

☐ 2. U.S. Government
     Defendant

☐ 4. Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

31 U.S.C. Section 3729 et seq.

**IVa.** Unknown days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **A SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General * | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights * A or B | | | ☒ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | | | | |

*Federal False Claims Act*

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☒ 1. Original
     Proceeding

☐ 2. Removed From
     State Court

☐ 3. Remanded from
     Appellate Court

☐ 4. Reinstated or
     Reopened

☐ 5. Transferred from another district (Specify)

☐ 6. Multidistrict
     Litigation

☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A  ☐ CLASS ACTION
☐ UNDER F.R.C.P. 23

**DEMAND $** Unspecified

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
March 14, 2000

SIGNATURE OF ATTORNEY OF RECORD
William J. Blechman

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____

Date Paid: _____

Amount: _____

M/fp: _____

*OFFICE OF CLERK
U.S. DISTRICT ...
NORTH DIST. FLA.*

*CO MAR 15 AM 9: 45*

*FILED*